IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA DANIEL MILLS,

       Plaintiff,                      No. 2:11-cv-1852 JFM (PC)

   vs.

GEORGE MALIM, et al.,

       Defendants.           <u>ORDER</u>

                           /

        Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on plaintiff's motion pursuant to Fed. R. Civ. P. 56(d) for additional discovery to oppose defendants' May 7, 2012 and May 18, 2012 motions for summary judgment.  Defendants oppose plaintiff's motion.

        This action is proceeding on four of five claims raised in plaintiff's original complaint, filed July 14, 2011.[1]  Plaintiff's first claim is that on July 14, 2009 defendant Correctional Officers White and Williams subjected plaintiff to excessive force.  Plaintiff's second claim is that defendants Malim, Vladesov, Hendricks, and Duncan acted with deliberate indifference to plaintiff's serious medical needs by refusing to allow him to wear prescription

---

[1] In his Rule 56(d) request, plaintiff abandons his fourth claim concerning alleged denial of contact visitation with his criminal defense attorney.

1

1  dark sunglasses to alleviate the migraine headaches from which plaintiff suffered due to the
2  fluorescent lights in the jail.  Plaintiff's third claim is that defendant Deputy Glenwinkel
3  subjected plaintiff to a sexually inappropriate pat down search.  Plaintiff's fifth claim is that jail
4  staff improperly monitored his confidential communications with his criminal defense attorney.
5  　　　　　On May 7, 2012, defendants Glenwinkel, Malim, White, and Williams filed a
6  motion for summary judgment on all four of the remaining claims.[2]  On May 18, 2012,
7  defendants Duncan and Hendricks moved for summary judgment on plaintiff's Eighth
8  Amendment claim arising from the alleged inadequate medical care.  On June 24, 2012, plaintiff
9  filed the Rule 56(d) request at bar.  Plaintiff seeks additional discovery on all four of his
10 remaining claims.
11 　　　　　Rule 56(d) of the Federal Rules of Civil Procedure provides:

> d) When Facts Are Unavailable to the Nonmovant. If a nonmovant
> shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court
> may:
>
> 　(1) defer considering the motion or deny it;
>
> 　(2) allow time to obtain affidavits or declarations or
> 　to take discovery; or
>
> 　(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

> The requesting party must show: (1) it has set forth in affidavit
> form the specific facts it hopes to elicit from further discovery; (2)
> the facts sought exist; and (3) the sought-after facts are essential to
> oppose summary judgment. <u>Cal. on behalf of Cal. Dep't of Toxic
> Substances Control v. Campbell</u>, 138 F.3d 772, 779 (9th Cir.1998).
> Failure to comply with these requirements "is a proper ground for
> denying discovery and proceeding to summary judgment." <u>Id</u>.

/////

/////

---

[2] Defendant Malim also sought summary judgment on the claim arising from the alleged denial of contact visits, but, as noted above, plaintiff has abandoned that claim.

(quoting Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986)).

Family Home and Finance Center, Inc. v. Federal Home Loan Morg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).[3]

      Plaintiff's Rule 56(d) request encompasses all four of his claims. As to the excessive force claim, plaintiff seeks to depose defendants White and Williams, and to request "any and all emails written by and received from Officers White, Williams, Rashid, Butcher, and Fisher from September 18, 2008 through August 12, 2009." Declaration of Julia M. Young in Support of Plaintiff's Request Additional Discovery, filed June 24, 2012 (Young Declaration), at 7. It appears that the specific facts plaintiff seeks to elicit through this discovery are: (1) why the officers did not wait for the Sergeant to show up; and (2) why the officers felt threatened by plaintiff when plaintiff "was behind a locked door and was not in a position to attack them." Id. In the request, plaintiff states that the purpose of the proposed discovery would be to "uncover inconsistencies" in the officers' declarations. Plaintiff's Request for Additional Discovery, filed June 24, 2012, at 7. Ms. Young avers that she has statements from inmates who witnessed the alleged assault, each of which "contradicts what is contained in jail reports." Id. at 7. At summary judgment, the court neither makes credibility determinations nor resolves factual disputes. The facts plaintiff seeks are not essential to oppose defendants' motion for summary judgment on plaintiff's excessive force claim. His Rule 56(d) request will therefore be denied as to the discovery sought for this claim.

      As to his Eighth Amendment claim of deliberate indifference to serious medical needs, plaintiff seeks to take the depositions of defendants Hendricks, Duncan, and Malim. In support of their motion for summary judgment, defendants Duncan and Hendricks have

---

[3] Family Home addressed a request pursuant to "former Rule 56(f), which is substantive the same as current Rule 56(d)." Michelman v. Lincoln Nat. Life Ins. Co., 685 F.3d 887, 899 n.7 (9th Cir. 2012).

3

presented evidence concerning plaintiff's history of complaints of blurred vision, pain from pressure behind his eyes, migraines, and light sensitivity, and the treatment provided to plaintiff. See Statement of Undisputed Material Facts in Support of Motion for Summary Judgment by Defendants David Duncan, M.D. and Joanne Hendricks, R.N.  These defendants seek summary judgment on the ground that the care provided to plaintiff was medically appropriate and there is no evidence of deliberate indifference to plaintiff's need for assessment and treatment of his light sensitivity.  Defendant Malim seeks summary judgment on the ground that plaintiff did not have a prescription for sunglasses at the time defendant Malim denied plaintiff's request to wear sunglasses in the jail and, therefore, defendant Malim did not act with deliberate indifference to any serious medical need at the time he denied plaintiff's request to wear sunglasses purchased by his lawyer.

      It appears that the specific information plaintiff seeks to elicit through the depositions of defendants Hendricks, Duncan, and Malim are (1) defendant Hendricks' reason(s) for not allowing plaintiff to have prescription sunglasses; (2) why it took so long for plaintiff to be seen by an opthalmologist; (3) why defendant Duncan allowed jail staff to overrule his chrono requesting that plaintiff be permitted to cover the lights in his cell; and (4) what authority jail staff has to overrule a medical chrono.  Plaintiff does not, however, point to specific facts that will be elicited through these depositions that are essential to his opposition of the motion of these defendants for summary judgment.  Instead, plaintiff's request suggests that the reason for additional discovery is to raise questions concerning the length of time it took plaintiff to obtain a prescription for sunglasses, why he was not allowed to have sunglasses without a prescription, and why the chrono issued by defendant Duncan for plaintiff to cover the lights in his cell was not honored by jail staff.  Defendants' deposition testimony is not essential to plaintiff's ability to raise these questions in opposition to defendants' summary judgment motions.  Plaintiff's Rule 56(d) request will be denied as to his Eighth Amendment medical claim.

/////

1         As to his claim concerning the allegedly inappropriate pat-down search, plaintiff seeks to depose defendant Glenwinkel concerning the search and events that led up to the search, what training she received concerning pat-down searches, and how long she has been a deputy. Plaintiff also seeks to conduct discovery regarding who was working at the Placer County Jail on November 13, 2008, the date of the alleged search; plaintiff states in his Rule 56(d) request that November 13, 2008 may not be the correct date of the search, and it appears this aspect of his request may be directed at clarifying the alleged date.

        In support of her motion for summary judgment, defendant Glenwinkel has presented her own declaration in which she "categorically" denies touching plaintiff in a sexual manner or inappropriately patting him down. See Declaration of Sasha Glenwinkel, filed May 7, 2012, at ¶¶ 3-4. The information plaintiff seeks to obtain concerning this claim through discovery is not essential to his ability to oppose defendant Glenwinkel's motion for summary judgment. Plaintiff's Rule 56(d) request will be denied as to this claim.

        Finally, plaintiff seeks discovery related to his claim that his attorney-client communications were unlawfully recorded. Specifically, plaintiff seeks a "mirror image" of the computer hard drives of defendants Captain George Malim and Steven Vladesov. In support of their motion for summary judgment, defendants have presented evidence that staff at the Placer County Jail "cannot physically listen to or record the attorney-client conversations that take place in the non-contact visiting rooms used for attorney-client meetings." Declaration of Capt. George Malim in Support of Motion for Summary Judgment, filed May 7, 2012, at ¶ 27. Plaintiff's seeks discovery to raise a factual dispute over this evidence. However, the sole basis on which he rests his assertion that this evidence is false is representations by plaintiff and his attorney that they heard "static and a series of clicks throughout the entire conversation." Young Declaration, at 4. Plaintiff has presented no evidence that this noise was caused by recording devices and, therefore, no evidence that the facts he seeks exist. Cf. Family Home and Finance Center, supra. Plaintiff's Rule 56(d) request will be denied as to this claim.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's June 24, 2012 motion for additional discovery (Docket No. 58) is denied;

2. Plaintiff is granted thirty days from the date of this order in which to file and serve oppositions, if any he has, to defendants' May 7, 2012 and May 18, 2012 motions for summary judgment; and

3. Defendants' reply briefs, if any, shall be filed and served not later than fourteen days after an opposition is filed.

DATED: September 28, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
mill1852.o6